## Burks *vs* Pointer.

PET. & SUM.

ERROR TO THE BARREN CIRCUIT.

*Case* 21.

*Joint and several obligees.    Parties.*

JUDGE MARSHALL delivered the Opinion of the Court.

*October* 28.

LEWIS POINTER, stating himself to be one of the ex-ecutors of Wm. Pointer deceased, sued alone by petition on a note under seal, in which the obligors jointly and severally "promise to pay Lewis Pointer or    Harrison, executors of Wm. Pointer deceased," the sum of eight hundred dollars, &c.

The petition contains no intimation of Harrison's death, and the only question is; whether upon the face of the note, Pointer is entitled to sue separately? we think he is not. <span>*Question stated.*</span>

The rule upon covenants is that the person or persons to whom the covenant or promise is made must sue. 1 *Chitty's Pleading*, 9, *6th American from 5th London edition.*    And although the covenant be to and with two, and to and with each of them, if the duty to be paid be entire, though it is to be paid to one only of the cove-nantees, and for his benefit alone, they must join. *Slings-by's case*, 5 *Coke*, 18, *b*; *Anderson* vs *Martindale*, 1 *East* 500.    Each party in such case, has a joint interest in the covenant, though but one is to be benefited by its per-formance, which differs from the case where the covenant is to several, for the performance of several duties to each, 1 *East*, 500.    To whom, then, is the promise made in this note? for if there be no person to whom the prom-ise is made, either expressly or by implication, no one can sue.    There being no express promise, the promise is understood to be made to the person or persons to whom the obligors promise to pay the debt or duty. <span>On a covenant to, and with two, for the perform-ance of an entire duty to one only and for his sole benefit, both must sue.</span>

Here the promise is to pay to A or B.    It is as certain-ly a promise to pay to B as it is to pay to A.    If it is a promise to pay to A, it is a promise to pay B also, that it is a promise to pay to A and B, or either of them, and <span>Covenant to A or B, is of the same effect as to A and B, and both must sue.</span>

therefore is to be understood as a promise to A and B and each of them, to pay to them or either of them. The promise or covenant is to A and B jointly, or jointly and severally, and the duty being entire, and each of the promisees having the same and a joint beneficial interest in it, as is evident, from the reference to their joint character, as well as from the promise to pay to either of them, there is no ground for the application of the doctrine which allows separate actions by each of the covenantees, where the covenant is for the performance of several duties to each. And, according to the rule as stated by Chitty, they must both, if living, join in the action, though the covenant be in terms joint and several; 1 *Chitty, ubi supra*, and the same as in the case of *Anderson* vs *Martindale*, 1 *East*, 500.

We are of opinion therefore, that Pointer had no right to sue alone upon the note in question, during the life of Harrison, and as the petition does not suggest his death, the demurrer to it should have been sustained. 1 *Chitty's Pleading*, 15.

Wherefore the judgment is reversed and the cause remanded with directions to sustain the demurrer.

*Owsley* for plaintiff: *C. S. Morehead* for defendant.